|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) No. CR 93-0326-DLJ | |
| JULIO CESAR RAMOS-OSEGUERA, ) C 05-0942-DLJ | |
| ) | |
| ) **ORDER** | |
| Defendant. ) | |
| _____) | |

Defendant Julio Cesar Ramos-Oseguera (Ramos-Oseguera) was convicted by a jury in 1995 on multiple counts of controlled substance violations, including a heroin conspiracy charge and a charge of engaging in a continuing criminal enterprise (CCE). Ramos-Oseguera was sentenced to 290 months in prison on the conspiracy charge and 420 months on the CCE violation, which time this Court ordered to run concurrently.

Ramos-Oseguera filed both a direct appeal of his conviction, and two prior habeas petitions pursuant to 28 U.S.C. § 2255 (one petition was filed in May 2000, and another petition was filed in March 2005). All of these attempts to overturn his conviction have been denied.

In August 2011, Ramos-Oseguera sought permission from the Ninth Circuit, as required under the Antiterrorism and Effective Death Penalty Act (AEDPA), for permission to file yet another § 2255 petition. The standards for when the Circuit Court must certify a second or successive motion are set out in 28 U.S.C. § 2255(h). The section applicable to this Motion requires a finding by the Circuit Court that there was "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable." 28 U.S.C.A. § 2255(h).

By an order dated September 13, 2011, the Ninth Circuit panel denied Ramos-Oseguera's request, specifically finding that:

> Petitioner has not made a *prima facie* showing under 28 U.S.C. § 2255 of:
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See United States v. Reyes, 358 F.3d 1095 (9th Cir. 2004) (holding Richardson v. United States, 526 U.S. 813 (1999), "did not decide a 'new rule of constitutional law' as required as a prerequisite to a second habeas petition").

See Ninth Circuit Order of September 13, 2011, Docket entry 1042. The panel added that "[n]o petition for rehearing or motion for reconsideration shall be filed or entertained in this case." Id.

Despite the Ninth Circuit's Order denying his request for permission to file a third successive § 2255 petition, a year after the denial, Ramos-Oseguera filed with this Court a pleading to "reopen" his May 2000 § 2255 petition. This latest petition was brought as a Motion for Relief under Federal Rule of Civil Procedure 60(b).

The Court finds that this motion is both procedurally and substantively barred. In general, under AEDPA, a petitioner may not bring a successive § 2255 petition without permission

2

of the Circuit Court.  See 28 U.S.C. § 2244(b), which provides in pertinent part:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. . . .
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection.

As noted above, Ramos-Oseguera applied to the Ninth Circuit for permission for his successive petition, but that permission was denied.  Ramos-Oseguera has tried to avoid the impact of the Ninth Circuit's clear order by styling his current effort, not as a § 2255 petition, but as a motion under Federal Rule of Civil Procedure 60(b).

Ramos-Oseguera asserts that Rule 60(b) is applicable as it permits a court to "relieve a party from a final order or judgment to prevent a miscarriage of justice."  Petition at p.2.  Defendant argues in essence that the case of Richardson v. United States, 526 U.S. 813 (1999), which held that under 21 U.S.C. § 848 a jury must unanimously agree on the same three acts that constitute the "series of violations," is a substantive rule of criminal law, which rule should have been retroactively applied to his 1995 trial, thereby requiring his conviction and sentence to be set aside. Def. Mot. at 3.

First, the Ninth Circuit specifically addressed the alleged import of the Richardson case when it reviewed Ramos-

3

Oseguera's most recent request for permission to file a successive petition. The Ninth Circuit's order found that there was no legal basis for a successive petition because Richardson v. United States, 526 U.S. 813 (1999) did not provide for a new rule of constitutional law (Dkt. 1042).

Nor has Ramos-Oseguera's attempted use of Rule 60(b) to avoid the requirements of AEDPA been approved by the Supreme Court or the Ninth Circuit. In Gonzalez v. Crosby, 545 U.S. 524, the Supreme Court set out the structure for courts to use to determine whether a Rule 60(b) motion may proceed or whether it must be dismissed as a successive habeas petition subject to the AEDPA requirements. The Court held that if a Rule 60(b) motion is essentially seeking resolution of the claim "on the merits" it is a successive habeas petition that must be first authorized by a federal appeals court. Id. In contrast, the Court held that a case may proceed under Rule 60(b) when it is an attack on the "integrity of the federal habeas proceedings," such as an incorrect ruling on tolling of the statute of limitations. Id. at 535

Here, Ramos-Oseguera does not raise a true procedural defect. Ramos-Oseguera states that the § 2255 petition he filed in May 2000, sought the application of the Supreme Court's decision in Richardson v. United States, 526 U.S. 813 (1999). Ramos-Oseguera alleges that this Court never entertained the substance of his motion as the § 2255 petition he filed in 2000 was dismissed on the grounds that it was untimely, and that the Court should consider that argument on

4

the merits now.

Ramos-Oseguera argues that his May 2000 petition should not have been considered untimely because the time for filing should have been equitably tolled. Thirteen years and several filings later Ramos-Oseguera now asserts for the first that the reason he did not file his 2000 petition in a timely fashion was due to ineffective assistance of counsel.

Specifically, Ramos-Oseguera now asserts that he did not timely file the § 2255 petition because his attorney, Richard Mazer, told him there was no advantage to him to do so. The Court finds several faults with this argument. Equitable tolling, particularly based on attorney misconduct, is available if a movant shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way. Holland v. Florida, 130 S. Ct. 2549, 2563 (2010).

First, even assuming Ramos-Oseguera's allegations were factually correct, there is no reason he could not have raised this argument previously. Here, Ramos-Oseguera makes neither a demonstration of diligent pursuit of his rights, nor a showing of extraordinary circumstances. Defendant filed a habeas petition on May 30, 2000 and the second on March 5, 2005, almost five years later. In 2011, six years after that, he filed for permission to file another habeas petition. After he was denied (and over a year later) Ramos-Oseguera filed the instant Rule 60 motion. The Court does not find that defendant's efforts rise to the level of diligent pursuit of

5

his rights.

Moreover, even is defendant had diligently pursued his rights, the alleged "misconduct" by defense counsel does not amount to "extraordinary circumstances" as found in the <u>Holland</u> case, and therefore warrants no factfinding by this Court. A close reading of the current allegations by Ramos-Oseguera is that his attorney advised him that even if he were successful in having the conspiracy charge overturned, he would still be serving time on the CCE charge. Taking Defendant's allegations as true, his defense counsel correctly advised Defendant that setting aside the 290-month conspiracy sentence would not have any practical effect since the Court had ordered that prison time to run concurrently to the 420-month CCE sentence. Def. Mot. at 13. Given that the Court's sentence on the CCE charge was significantly longer than the sentence on the conspiracy charge, the advice Ramos-Oseguera allegedly received from his counsel is objectively true.

Taken as a whole, the Court finds that Ramos-Oseguera's allegations simply do not support a Rule 60 motion. The Court finds that the motion is a substantive "claim" which falls under the strictures of AEDPA. Because Ramos-Oseguera has not met the procedural requirements of AEDPA, this Court is without jurisdiction to rule on the substance of his allegations as if it were a subsequent habeas petition. See <u>Burton v. Stewart</u>, 549 U.S. 147, 157 (2007) (noting district court's "was without jurisdiction to entertain" second habeas petition without appellate order); <u>United States v. Reyes</u>, 358 F.3d 1095, 1096

6

(9th Cir. 2004) (remanding to district court to dismiss second § 2255 motion for lack of jurisdiction).

    For all of these reasons. Ramos-Oseguera's Motion is DISMISSED.

    IT IS SO ORDERED

Dated: February 12, 2014

_____

D. Lowell Jensen  
United States District Judge

```
Copy of Order Mailed on 2/12/14 to:

Julio Cesar Ramos-Oseguera
Reg. No.: 87938-011
U.S. Penitentiary
3901 Klein Blvd.
Lompoc, CA 93436-2706
```